Note—OS. Pend. opinion will be found in 4 Abs. 635.

---

No. 894

GOULD et v. STATE·

Ohio Appeals, 6th Dist., Lucas Co. .

Decided Nov. 30, 1926

865. OFFICE AND OFFICERS—Where a justice of the peace appoints one as deputy constable because regular constable was otherwise engaged in official business, held to be a valid under 3331 GC.

480. EVIDENCE—Where two persons are tried and fined at the same time the record of one is admissible with the record of the other, even though payment was not made at same time, to show guilty knowledge.

35. ADMISSIONS—In prosecutions under 12916 GC. for extortion in office, evidence of admissions made under oath before State Bureau of Account, held admissible when privilege is not claimed.

RICHARDS, J.

L. H. Gould, who was a justice of peace in Springfield Township, Lucas county, and his son, Fred Gould, were jointly indicted and convicted of extortion in office.

The indictment charged in part that under color of their respective offices they unlawfully, knowingly, corruptly and extorsively did charge, ask, demand and receive from one Edward F. Minnich the sum of $30.00 as costs and fees for the performance of the respective official duties in a certain criminal case before Gould as justice of the peace. The indictment furhter charges that $10.00 was paid for meals and lodging and $15.00 for transportation where in truth nothing was paid and neither

was it authorized by law. Further payment of $5.00 for transportation to court was never paid. It also charges that Fred Gould was an officer, to wit, a special constable of said court.

The evidence shows that Minnich and another, Morris, had an auto collision. They were promptly arrested, Minnich being charged with possession of liquor and Morris on separate affidavits for possession and transporting. They were taken to the Justice court where the Justice· of the Peace appointed his son as constable and he swore out the affidavit. The defendants both pleaded not guilty and were taken to the Lucas County jail some 13 miles away and were confined there until Thursday morning when they were returned to the Justice court, where they both plead guilty.

Minnich was fined $100 and $59.50 costs and Morris was assessed also $30.00 costs. The significant fact is that they and the bottle of liquor found were all transported at one and the same time. Several grounds of error were assigned—that the costs taxed in the Morris case were not competent evidence; that the record in the Morris case is not admissible because payment was not made at the same time as in the Minnich case; that because the money was not paid directly by Minnich they could not be charged with having extorted money from him; that the Judge in instructing jury said that Gould had paid one McCord $5.00 for driving him a short distance to serve two subpoenas and that he could pay what he, Gould, wanted to but could not charge against the costs; that the appointment of Fred Gould is made in the indictment as special constable and the facts do not show he was such an official; that testimony of L. H. Gould before the state bureau of accounting was not admissible. To all of which the Court of Appeals assigned no error, holding:

1. The evidence of the costs taxed in the Morris case are admissible and competent for the purpose of showing guilty knowledge and corrupt motive since not more than $30.00 was spent in all three cases and $90.00 was collected.

2. The record of the Morris case is also admissible for they both pleaded guilty and were fined at the same time. The prosecution being under 12916 GC., it is therefore admissible to show knowledge as to the unlawfulness of the costs taxed.

3. Minnich not having the money to pay asked one Pilliod to do so, and when money is paid at the request and on behalf of, it is equivalent to payment by Minnich himself.

4. The statement of the judge to the jury was improper, but it was in no way prejudicial to this case because the indictment was specific as to what was done and the jury must have found them guilty on the counts in the indictment.

5. The docket of the Justice of the peace contains an entry on the date of arrest showing that he appointed Fred Gould to serve as deputy in the case for the reason that the constable was otherwise engaged upon official business and that Fred Gould took the oath of office and therefore under 3331 GC. the appointment was properly made.

6. The principal is exactly the same as in the case of testimony given before a grand jury and the witnesses herein did not assert that the testimony would incriminate him, nor did he assert his privilege in any way.

Judgment affirmed.

Attorneys—Johnson, Johnson & Farber for Gould; Roy R. Stewart for State; all of Toledo.